THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LYNDON SOUTHERN INSURANCE CO. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-00398 |
| | § | |
| DANIEL MONCIVAIZ LOPEZ | § | |

## DEFENDANT DANIEL LOPEZ'S MOTION TO DISMISS OR STAY

Defendant Daniel Lopez files this motion asking the Court to (1) dismiss or stay this suit in its entirety on federal abstention grounds; (2) dismiss this suit in its entirety pursuant to Rule 19(b) based on Lyndon Southern Insurance Company's (Lyndon Southern) failure and inability to join a necessary party; and, alternatively, (3) partially dismiss this suit pursuant to Rule 12(b)(6).

### I.     Background of the Cases

1.     This case arises out of an automobile accident in Missouri between defendant Lopez, and non-parties Peggy and Clifford Pieper.  Lyndon Southern provided insurance to Lopez, and after notification, declined coverage.  Thereafter, the matter was tried, and a judgment was entered against Lopez.  The Piepers thereafter filed a statutory equitable garnishment action in Missouri state court pursuant to R.S.Mo. 379.200.  Please see Exhibit A. Pursuant to the statute, both Lopez and Lyndon Southern are defendants in that action.  The state equitable garnishment action was filed on June 20, 2017, and will determine whether there is coverage under the policy.  Lopez likewise filed a cross claim against Lyndon Southern for insurance bad faith.[1]  Lyndon Southern in its answer asserted the same claims as defenses it seeks to raise in this Court.  *See* Exhibit B, *First Amended Answer of Lyndon Southern Insurance*

---

[1]  After conducting an investigation into the claim, Lyndon Southern - after denying the Pieper's claim - did accept coverage and resolved another claim arising out of the same accident.

*Company*.

2.      Being considerably further along, Lyndon Southern and the parties have exchanged discovery, and Lyndon Southern has filed objections to the pending discovery the parties are attempting to resolve in the Missouri case.  Please see Exhibit C, *Lyndon Southern's initial Responses to Defendant Lopez's First Request for the Production of Documents;* Exhibit D*, Lyndon Southern's initial Answers to First Interrogatories*; Exhibit E, *Golden Rule Letter*. Further, the deposition of a corporate representative of Lyndon Southern has been scheduled in the state court action.  Please see Exhibit F, *Deposition Notice*.  After almost all of the above had gone on, Lyndon Southern served defendant Lopez with a declaratory judgment filed in this Court on Sunday, December 3, 2017.  Around this time, counsel for Lyndon Southern advised undersigned counsel of the suit and service.  Lyndon Southern therefore filed this case months after the state court action over the same matter had been pending, and without the plaintiffs in the underlying state court action.  Under the standard set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137; and *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), this Court should stay or dismiss this later filed action in favor of resolution of the same claims in the Court which first acquired jurisdiction, and over which all of the necessary parties are present.

3.      Finally, the Court should dismiss this suit because Lyndon Southern has failed to join a necessary party, and has further failed to state a valid claim on several of its counts, should the Court not abstain under *Brillhart*, *Wilton* and *Trejo*.

**II.     The Pending State Court Case Involves All Necessary Parties, Has Been on File for Months Before Lyndon Southern Attempted to Bring this Action, and it Involves Solely State Law Claims, All Factors Which Strongly Favor Abstention**.

4.      When deciding matters of State vs. Federal Court Comity in regard to declaratory

judgment actions, the United States Supreme Court has held it would be "vexatious" for a federal court to continue forward with a declaratory judgment in situations similar to this.  Please see e.g. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995).[2]

5.      When dealing with concurrent claims filed in both state and federal court, "Comity is a concept that means that all else being equal, state issues ought to be decided by state courts".  *Peabody Landscape Const., Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007), citing *In Re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. 1996).  As federal courts should avoid making unnecessary determinations of state law, comity in such situations leans in favor of such decisions being left to state courts.  *Lopez v. Smiley*, 375 F.Supp.2d 19, 25 (D. Conn. 2005).

6.      The garnishment action and the federal declaratory judgment action are matters regarding interpretation of an insurance policy.  Such questions are best left to the various states.  *Great American Assurance Co. v. Discover Property & Casualty Ins. Co.*, 779 F.Supp.2d 1158, 1163 (D. Mont. 2011) (Holding comity between state and federal court actions required state court hear insurance dispute, not federal court).

7.      This issue was addressed by the United States Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995), except in *Wilton*, the insurer filed suit first, rather than waiting months as it did here.  In *Wilton*, the insurer rushed to file a declaratory judgment before the insured could file its garnishment action.  *Id.* at 279, 2139.  A month later, the insured filed their garnishment action on the same issue.  The District Court held that the insurance coverage matter should be decided in State Court.  *Id.* The Supreme Court affirmed,

---

[2] Just like this case, the *Brillhart* case involved an equitable garnishment action in state court, and a declaratory judgment

finding that as there was a later filed state court action on the same insurance dispute, the Federal District Court properly refused to hear the matter, which was best decided in the garnishment. *Id.* at 289-290, 2144.

8.      The foundational case in regard to the issue of Federal vs. State Comity, likewise involved issues of a Missouri equitable garnishment.  In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942) the United States Supreme Court held that the trial court properly determined that issues of coverage on a policy should be heard in a Missouri state court garnishment action, and not in a federal court declaratory judgment.  In *Brillhart*, the United States Supreme Court held that it would be uneconomical and "vexatious" for a federal court to hear the matter, when a garnishment proceeding was pending between the same parties which could resolve the matter in state Court.  *Id.* at 495, 1175-1176.

9.      Numerous other courts have thus held that state court insurance proceedings, rather than federal court declaratory judgment, is the proper forum for the issues before this Court.  Please see e.g. *American National Fire Ins. Co. v. Hungerford*, 53 F.3d 1012 (9th Cir. 1995) (Comity between state and federal jurisdiction requires that federal court not hear case, but instead to defer to state court on insurance policy matters); *Employers Reinsurance Corp. v. Karusso*, 65 F.3d 796 (9th Cir. 1995) (Federal Court abused its discretion in deciding to hear declaratory judgment matter rather than defer to allow state court proceeding)[3]; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273 (6th Cir. 1990) (Reversing and remanding on grounds that insurer should have presented state insurance coverage issues to state court, rather than attempt federal

---

[3]   The 9th Circuit in *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) modified one portion of the *Hungerford* and *Karusso* opinions, holding a court need not sua sponte review jurisdiction under the *Brillhart* provisions if the parties do not address it.  The standard to apply in determining the proper court when raised was not modified, and these cases thus remain valid law on the above point.

declaratory judgment action)[4]; *Aetna Casualty & Surety Co. v. Jefferson Trust & Savings Bank*, 993 F.2d 1364 (8th Cir. 1993) (Same).  The rule in such cases consistently warn that State Courts are the superior venue when deciding matters such as this.

10.     Not surprisingly, given the Supreme Court's strong statements in *Brillhart* and *Wilton*, the Fifth Circuit is in accord with this standard.  In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) the Court noted that when dealing with abstention on a declaratory judgment, the standard for abstention is much stronger.  *Id*. at 590.  The Court identified seven factors to consider when deciding whether a District Court should abstain in favor of a State Court action:

- Whether there is a pending state action in which all of the matters in controversy may be fully litigated;
- Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
- Whether the plaintiff engaged in forum shopping in bringing the suit;
- Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
- Whether the federal court is a convenient forum for the parties and witnesses;
- Whether retaining the lawsuit would serve the purposes of judicial economy; and
- Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suite between the same parties is pending.

*Id*. at 590-591.

11.     In similar situations, Courts in the Southern District of Texas have stayed or dismissed suits under the *Trejo* analysis when presented with similar issues as this case.  In *Ohio*

---

[4]     The standard of review in *Mercier* was later modified by the U.S. Supreme Court to an abuse of discretion standard.  See e.g. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000).  Again, however, the relevant factors regarding why state courts remain the preferred forum for deciding insurance matters remain valid law.  *Scottsdale* at 968 (Courts should not sanction a "race to the courthouse" by the insurer to file a declaratory judgment action before the other party has a chance to file the state court proceeding, affirming state court rather than federal court was best for resolution of insurance dispute in question).

*National Life Assur. Corp. v. Riley-Hagan*, 2008 WL 5158089 (S.D. Tex. 2008) the insurance company filed a declaratory judgment in Texas on July 22, five days after receiving a letter alerting them the plaintiff was considering suit in California.  *Id*. at *2.  a little more than a month later, the insured filed suit in California on her affirmative claim for coverage under the insurance policy in question.  *Id*. at 3.  The District Court first looked at the Federalism concerns of the *Trejo* standard, and found that the pending California state action, despite it being the second filed action, weighed in favor of dismissal on comity grounds.  *Id*. at *4.  The Court also noted that the controversy could be fully decided in the California action.  *Id.*  In language specifically relevant to this case, the Court also held that the fact Texas law governed the policy was not a relevant factor, as a state judge in another state is fully capable of applying Texas law to the claims at issue, citing multiple cases to this effect.  Citing the Supreme Court's *Brillhart* opinion that it would be uneconomical and vexatious to retain the case, the Court held the Federalism concerns weigh in favor of dismissing the suit. *Id*. at *5.

12.     In regard to the fairness factors, the Court held that filing a declaratory judgment so close in time to receipt of a notice suit was likely to be filed "strongly indicated" the suit was filed in an attempt to engage in "backdoor removal", which is improper and strongly counsels dismissal.  *Id*. at *6.  The Court also found that filing the suit in an attempt to preclude the state court venue, especially since it was not removable, was indicative of forum shopping, again weighing in favor of dismissal.  Finally, the Court held that the efficiency component of *Trejo* also favored dismissal, as one of the necessary parties to the case could not be brought into the action in Texas, but was a party to the California state case.  *Id*. at *7-8.  Without all of the parties, the Court could not resolve all of the issues, and thus retention would not be efficient or judicious.  *Id.*  at *8.  The Court concluded by noting that given these factors, the Federal

Declaratory Judgment action should be dismissed. *Id*. at \*9. The same factors that confirmed dismissal in *Ohio National* are present here. The Court in *Great Lakes Reinsurance (UK) PLC v. H.T. & Associates, Inc.*, 2010 WL 2639878 (S.D. Tex. 2010) likewise found abstention proper in regard to a declaratory judgment action on coverage. In *Great Lakes*, the insurer filed a declaratory judgment on coverage on October 30 2009. *Id*. at \*1. The insured filed their claim in state court three weeks later. *Id*. Applying the *Trejo* factors, the Court found dismissal of the Federal Declaratory judgment was required. First, the Court held that the federalism concerns favored dismissal as the matter involved state not federal law, and the same issues would be decided in the state case, even though the declaratory judgment was filed first. *Id.* at \*2. In regard to fairness, the Court held that *Great Lakes* decision to sue in federal court was prompted by knowledge of the likelihood of a state court claim by the insured. *Id*. at \*2-3. Having filed because of the state court case, "the second *Trejo* factor weights in favor of abstaining". *Id*. at \*3. The Court also held that while it could not definitely ascribe an improper motive to the insurer, the course of action of filing when it did certainly could be seen as forum shopping to avoid the plaintiff's state court venue. *Id*. As such, this factor also favored abstention. Finally as to efficiency, the Court noted the state case was further along, again weighing in favor of abstention. *Id*. Citing *Brillhart* that such matters are better resolved in the pending state court case, the Court dismissed the declaratory judgment. *Id.* at \*4.

13. Finally, the Court in *Frontier Pac. Ins. Co. v. Marathon Ashland Petroleum*, 87 F. Supp. 2d 719 (S.D. Tex. 2000) held the Court would abstain from deciding an insurance coverage declaratory judgment. In *Frontier Pac Ins*., the insured was engaged in a state court case without the insurer. Learning of the denial of coverage, Marathon moved for leave to file an amended complaint, to add the insurer as a third party, to decide the coverage and indemnity

issues. *Id.* at 719.  Six days later, the insurer filed a declaratory judgment action over the same issues in federal court.  *Id.*  Similar to the above cases, the Court first noted the issues could be resolved in the pending state case, and thus would be "utterly duplicative," as well as "uneconomical and vexatious" to maintain the same issues in a federal court declaratory judgment.  *Id.* at 721.  The Court held this was especially true where all interested parties were in the state court action, but were not in the declaratory judgment, including the plaintiff in that case. *Id.*

14.     Other factors which weighed in favor of a stay or dismissal included that the insurance company filed its action in response to the same matter having been raised in state court.  *Id.*  Having done so, the Court held it is "reasonably clear" an insurer in such a situation is engaging in forum shopping, which taints the insurers request to have the case heard in federal court.  *Id.*  The Court also held it would be unfair to the parties to require litigation of the same issue on two fronts, prolonging the litigation, which is contrary to all concepts of judicial economy.  *Id.* at 721-722.  Finally, the Court noted the state court action had been pending, and "presumably" discovery had already started.  *Id.* at 722.  As little to nothing had taken place in the federal case, that also counseled that fairness required dismissal or stay of the suit.  *Id.*  The Court therefore stayed the case, in favor of state court resolution.  *Id.*

15.     Here, the same factors apply, but even more strongly than the above cases.  In regard to the first factor, there is currently pending state litigation that predates this case by many months.  Please see <u>Exhibit A</u>, *Petition*; <u>Exhibit G</u>, *Cross Claim of Lopez*; <u>Exhibit B</u>, *First Amended Answer of Lyndon Southern*.  The defenses Lyndon Southern seeks to raise here have already been raised in the state court action.  Further, the additional claims of the parties in the state court case which are not pending here can also be litigated, allowing for full relief to all

claims, which this Court cannot afford.  This factor strongly favors stay or dismissal of this later filed claim.

16.     The second factor, whether the suit was filed in anticipation of a lawsuit filed by the defendant is unquestionable.  Here, unlike a race to the Court house situation, Lyndon Southern was sued, and had filed an answer before it sought to bring this declaratory judgment action.  There can be no question that this suit was filed as a direct response to the state court action, again favoring abstention.

17.     Factor three regarding forum shopping is also clearly in favor of abstention. Here, Lyndon Southern was a party to the ongoing equitable garnishment action.  Under the equitable garnishment statute, such a claim is not removable as it is a direct action.  Please see e.g. *Prendergast v. Alliance General Ins. Co.*, 921 F. Supp. 653, 654 (E.D. Mo. 1996) (Under Missouri's garnishment statute, the insurer is considered a citizen of the state of its insured citing *Northbrook National Ins. Co. v. Brewer*, 493 U.S. 6, 110 S. Ct. 297 (1989)).  Congress thus specifically precluded federal jurisdiction of the same claims that Lyndon Southern seeks to bring in this case through a Declaratory judgment.  *Prendergast* at 655.  *Accord Tucker v. Graybill Tire & Repair*, 2013 WL 12147748 (W.D. Mo. 2013) (Federal Courts have consistently held that proceedings under Missouri's garnishment statute constitute direct actions within 28 U.S.C. section 1332(c) (1) and are thus not removable).  As such, Lyndon Southern thereafter brought this action to forum shop another venue, where all of the parties cannot be brought into the case, and all of the claims are not able to be decided.  This factor likewise strongly favors abstention. *Ohio National Life Assur. Corp. v. Riley-Hagan*, Supra.

18.     The fourth factor regarding inequities likewise counsels for dismissal or stay.  As the Court in *Frontier Pac. Ins. Co. v. Marathon Ashland Petroleum* Supra held, it would be

"utterly duplicative," as well as "uneconomical and vexatious" to maintain the same issues in a federal court declaratory judgment that have been ongoing for some time in State Court. *Id.* at 721. This is especially true where all interested parties are in the state court action, but are not in the declaratory judgment, including the plaintiffs in the case (the Piepers). *Id*.

19.     Whether the federal forum is convenient likewise favors dismissal. While the federal forum is obviously acceptable to the insurer, and some of the issues will require evidence in Texas, a large amount of the claim will also require evidence in Missouri. The underlying facts of the newly acquired automobile, the facts of the wreck, the suit, and the underlying judgment all require discovery, depositions and other work in Missouri. Further, the forum is not convenient to the primary plaintiffs, the Piepers. They reside in Missouri, and have no relation with Texas at all.

20.     Whether retaining the case would serve judicial economy is likewise strongly in favor of staying or dismissing this claim. There is an ongoing state court garnishment case that has been pending for some time. The matter is much further along in Missouri than here. While the Missouri case has all of the relevant parties, this case does not. The plaintiffs in the Missouri garnishment, the Piepers, are not a party to this suit, and will not be a party to this suit given the lack of jurisdiction over the Piepers. Even should the Court retain the case, the decision on coverage if issued without the Piepers would not be binding in the Missouri equitable garnishment action. Please see e.g. *Wilkes v. St. Paul Fire & Marine Ins. Co.*, 92 S.W.3d 116 (Mo. App. 2002) (Holding summary judgment granted in federal declaratory judgment was not binding on plaintiff in equitable garnishment action, affirming grant of summary judgment contrary to prior judgment for insurer in federal case). In effect, the case in Missouri will go forward whatever occurs in this case. As such, this second filed case is the antithesis of judicial

economy.

21.     The final factor in *Trejo*, whether the federal court is being called upon to construe a state judicial decree entered among and by the same court where the parallel claim is pending, also strongly counsels abstention.  The Circuit Court of Christian County entered the underlying judgment in the personal injury action.  That Court heard the evidence, and entered the judgment based upon the evidence.  This same Court now has the garnishment claim before it, in which Seneca seeks to collaterally attack the judgment, and allege fraud and other claims, because the parties utilized a specific statute authorized under Missouri law when the insurer denies coverage.  The same claims are raised in both Courts, and whether the trial was conducted pursuant to Missouri Statute R.S.Mo. 537.065 and Missouri law on same should be decided by the Court familiar with that statute and with what actually occurred at trial.  Whether the trial was conducted in compliance with the Missouri Statute, and whether the trial court was somehow defrauded are matters for the state court which presided over the trial under *Trejo*.

22.     While the above is more than sufficient to stay or dismiss this case, additional factors weigh in favor of abstention.  Under general rules of comity, the Court which first acquires the case should decide it.  Please see e.g. *O'Hare Intern. Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) (Noting that in contrast to *Brillhart*, the rule generally for other situations is that the first court which obtains jurisdiction over a case has priority and the second court should decline consideration of the action, in favor of allowing the first Court to conclude its proceedings).  This rule is foundational in American jurisprudence.  The United States Supreme Court, as early as 1824, set forth this first to acquire jurisdiction rule in *Smith v. McIver*, 22 U.S. 532, 536 (1824), where Chief Justice Marshall delivered the opinion of the Court, holding that the cause at issue "must be decided by the tribunal which first obtains

possession of it."  Accord *Pacesetter Systems, Inc. v. Medtronic, Inc*., 678 F.2d 93, 95 (1982) (Holding that sound judicial administration indicates that where two similar actions are pending, the court which first acquired jurisdiction should try the lawsuit, as no purpose is served by a second later filed action).  Here, this rule is even more strongly applied, as the United States Supreme Court has held state courts have priority even if they are not the first filed.  See *Wilton* and *Brillhart,* Supra.

23.     Further, in regard to the fairness issues identified by the *Trejo* Court, federal courts have repeatedly held declaratory relief is inappropriate when a putative tortfeasor seeks a declaration of non-liability. See *Morrison v. Parker*, 90 F.Supp.2d 876, 880 (W.D. Mich. 2000). The policy behind this general rule is to prevent the potential tortfeasor from forcing a tort victim to litigate a claim that she may not have wanted to litigate, at a time that might be inconvenient and in a forum chosen by the alleged tortfeasor. *Id.* Accord *Wilton Supra at* 515 U.S. 277, 115 S.Ct. 2137 (1995).  The *Morrison* Court described declaratory judgment actions seeking a declaration of non-liability as "a perversion of the Declaratory Judgment Act." *Id*.,citing *Cunningham Brothers, Inc., v. Bail*, 407 F.2d 1165 (7th Cir. 1969).  That is even more true here, where the plaintiffs in the state garnishment case are not even parties in this action.

24.     The decision that federal courts should refuse to hear such claims is the prevailing view on such matters. *Morrison* at 880.; *BASF Corp v. Symington*, 50 F 3d. 555, 557-559 (8th Cir. 1995).  The *BASF* Court held that a declaratory judgment action based on defenses or anticipated defenses to state court actions should be dismissed as tactical maneuvering **calculated to deny plaintiffs their choice of forum and time to sue.** "Where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no

declaratory judgment should issue." *Id.* at 559.

25.     Lyndon Southern's declaratory judgment is premised on its defenses already raised in the state court action, and is contrary to the fairness component of *Trejo.* "[T]he Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action." *International Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).  Here, the claims Lyndon Southern seeks to assert in this declaratory judgment action may be raised in the underlying state court action as an affirmative defense (and have been). The overwhelming authority on all fronts is therefore that the Court should stay or dismiss this later-filed declaratory judgment, as the matter is more properly resolved in the state court action.

26.     Finally, Lyndon Southern's unproven allegations are not support for this Court keeping the case.  The alleged history and claims Lyndon Southern makes are exactly that – claims which are contested.  Discovery has begun in the state court garnishment case as to these assertions, and should be allowed to move forward so that the actual facts come out.  While most parties feel they have a "winning argument," that is not a basis to maintain jurisdiction of an insurance declaratory judgment where the same matter is pending in state court.  Please see e.g. *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (Reversing and remanding for district court to dismiss declaratory judgment, as it should never have reached the merits of the case under *Brillhart/Wilton* standard).  Lyndon Southern should not be able to force the parties in the state court action to piecemeal litigate the various claims, and the Piepers to have no involvement in the litigation of their claims whatsoever.  Therefore, for this separate and independent reason, Lyndon Southern's declaratory judgment should be stayed or dismissed.

**III.     Lyndon Southern has failed to join the Piepers—necessary parties whose joinder is not feasible. Accordingly, the Court should dismiss this suit pursuant to Rule 19(b).**

27.     The parties who hold the judgment at issue are the Piepers, the plaintiffs in the state court injury case, and now the plaintiffs in the state court garnishment case.  This is not a situation where the Piepers are merely claimants in an ongoing suit against Lopez for their injuries.  Instead, the Piepers have obtained a judgment against Lopez, and have now sought to execute on that judgment against the insurance policy issued to Lopez by Lyndon Southern.  In a very similar situation the Fifth Circuit Court of Appeals held that under Rule 19, the claimant with a judgment not being a party to the case required dismissal.

28.     In *Ranger Ins. Co. v. United Housing of New Mexico, Inc*., 488 F.2d 682 (5th Cir. 1974) the insurance company brought a declaratory judgment in Texas Federal Court over an airplane crash seeking a declaration of no coverage.  *Id.* at 682.  The insurer, however, did not seek to add the claimants against the insured.  *Id.* at 683.  The District Court dismissed the action for failure to join the claimants, and the insurer appealed.  The Fifth Circuit held that under Rule 19(b), the injured claimants who had by that point obtained a judgment were necessary parties, affirming the dismissal.  Applying the four factors set forth by Rule 19, the Court held that dismissal was required.  First, the Court held it would be nonsensical to argue that a judgment would not have an effect on the missing claimants, since they themselves had by that point obtained a judgment they would seek to collect on.  It would either have stare decisis effect, or if it was not binding on the claimant, it would require they litigate its effect when seeking the coverage.  *Id.* at 683.

29.     On the second factor, the court noted the District Court could conceivably shape relief by enjoining the insurer from asserting a judgment of non-coverage against the non-present claimants.  *Id.* at 684.  The Court noted that such "relief" however, showed the fatal flaw with the failure to include the judgment holder, as "either a judgment might prejudice the claimants

violating the first Rule 19(b) factor, or it would not be adequate to finally resolve the issue, violating the third Rule 19(b) factor. Neither alternative is acceptable." *Id.* Continuing on with the third factor, the Fifth Circuit held it weighs "heavily" against the insurer who fails to include the judgment holder, as any judgment entered in the declaratory judgment action would require the same issue to be relitigated against the judgment holder. *Id.* Finally, the Court held the fourth factor, whether the plaintiff had an alternative remedy it could pursue also favored dismissal as they could potentially bring a claim in state court. *Id.*

30.     All of the same reasons the Court in *Ranger Ins.* held dismissal was required are present in this case. Further, on the fourth factor, unlike in *Ranger*, there is currently pending a case involving all parties, which can resolve the same issues Lyndon Southern seeks to raise here, which was filed well before this case. As such, the Piepers are necessary parties, and the failure to join them requires dismissal. *Ranger Ins.* at 683-684. Please see also *Republic of the Phillippines v. Pimentel*, 553 U.S. 851, 870-871, 128 S.Ct. 2180, 2193 (2008) (Social interest in not having multiple rounds of litigation counsels in favor of dismissal when party who is not joined would not be bound by the judgment in the underlying case).

**IV.     Because Counts III and V of Lyndon Southern's complaint fail to state a claim for which relief can be granted, those claims should be dismissed pursuant to Rule 12(b)(6).**

31.     As noted above, the Court should dismiss Lyndon Southern's declaratory judgment for multiple reasons. Independent of those issues, however, Lyndon Southern's "Count III" and "Count V" should be dismissed because they fail to state a claim for which relief can be granted for multiple reasons.

32.     Count III alleges that a collusive settlement resulted in the judgment in the state court trial. First, there was no settlement of the case. Instead, the parties entered into a

statutorily approved Missouri contract, which allows the parties to submit the matter to the Court in a bench trial, which is what occurred.  In such situations, pursuant to the provisions of then existing R.S.Mo. 537.065, the insured is free to enter into an agreement to limit his liability. Please see *Allen v. Byers*, 512 S.W.3d 17, 32 (Mo. Banc 2016) (Insured is free to execute an agreement pursuant to R.S.Mo. 537.065 after the insurer denies coverage).  Consistent with this, the insured may agree to a bench trial before the Court, as no insurance company is paying for any of the defense.  Please see *Allen* at 36; *Hunter v. Moore*, 486 S.W.3d 919, 926 n.6 (Mo. Banc 2016) (Holding that it is permissible and common for parties to enter into 537.065 agreements that allow for an uncontested hearing on damages); *Schmitz v. Great American Assurance Co.*, 337 S.W.3d 700, 704 and 708-709 (Mo. Banc 2011) (Holding that party cannot collaterally attack a bench trial on the basis it was conducted without defendant objecting to any evidence or offering any evidence of its own).

33.     Plaintiffs in the underlying case agreed to the entry of a 537.065 agreement with Lopez, and the matter was thereafter tried to the Honorable Judge Johnson in the Circuit Court of Christian County, Missouri.  At the hearing, prior to the introduction of evidence, the Court was advised that the parties had entered into the statutory 537.065 agreement, and was provided the opportunity to review same.  The Court thereafter heard evidence, including evidence of Mrs. Pieper's injuries, and the care and relationship between Mrs. Pieper and Mr. Pieper.  The Court also heard expert testimony from Dr. Roger Huckfeldt, a certified life care planner and medical doctor, who provided information as to the future care and costs of such.

34.     In Count III, Lyndon Southern therefore seeks to raise a collateral attack on the judgment entered in the Circuit Court of Christian County.  The same is true for Count V.  A federal court, however, must give a state court judgment the same preclusive effect as would be

given under the law of that state.  *Migra v. Warren City School Dist. Board of Educ.*, 465 U.S.

75, 81, 104 S.Ct. 892, 896 (1984).  Under Missouri law, a bench trial before the Court is final

and conclusive and may not be collaterally attacked. Please see e.g. *Schmitz v. Great American

Assur. Co.*, 337 S.W.3d 700, 709 (Mo. Banc 2011); *Assurance Co. Of America v. Secura Ins.

Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012); *Columbia Casualty Co. v. HIAR Holdings, LLC*,

411 S.W.3d 258 (Mo. Banc 2013); and *Allen v. Bryers*, 512 S.W.3d 17 (Mo. Banc 2017).

35.     Further, the proper place to challenge the judgment if at all is the Court where the

judgment was entered.  *Midessa Television Co. v. Motion Pictures for Television, Inc*., 290 F.2d

203, 204-205 (5th Cir. 1961) (If Court has jurisdiction over case, then judgment entered may not

be attacked collaterally in federal court, and allegations of fraud are "irrelevant"); *Holeman v.

Elliott*, 732 F.Supp. 726, 727 (S.D. Tex. 1990) (District Court does not have power to review

state court action in the guise of a federal claim).

36.     Likewise, Counts III and V of the complaint fail to state a claim, as Lyndon

Southern was not a party in the underlying case.  Lyndon Southern relies upon Rule 74.06 of the

Missouri Rules of Civil Procedure to seek to set aside part or all of the judgment.  However, Rule

74.06 requires that the claim be brought in the original action.  Please see *Reimer v. Hayes*, 365

S.W.3d 280, 283 (Mo. App. W.D. 2012) (Holding that collateral attack on judgment is not

proper, and under Rule 74.06, the claim must be raised in the "original action" so as to avoid the

claim of trying to collaterally attack the judgment).

37.     Rule 74.06 also requires that the party raising the claim be a party to the case.

Please see *Allen v. Byers*, 512 S.W.3d 17, 29 (Mo. Banc 2016) (Holding that an insurer who was

not a party in the underlying case may not seek relief to set aside the verdict on fraud or other

grounds, as Rule 74.06 is limited to parties to the case, and the insurer was not a party in the state

court case); *Sherman v. Kaplan*, 522 S.W.2d 318, 326 (Mo. App. 2017) (Citing *Allen*, holding that an insurer could not seek relief under Rule 74.06 as they were not a party to the case, and therefore cannot seek to set aside the judgment).  Here, Lyndon Southern was not a party in the underlying case.  As such, it cannot rely on the Rule, again requiring dismissal.  *Allen* and *Sherman*, *supra*.

38.     Lastly, Count III and Count V are both seeking to remedy a purported fraud on this Court and the Christian County Court in Missouri. The complaint does not explain—nor can it ever reasonably explain—how any agreement or judgment in the Missouri state court can ever constitute fraud on this Court. Further, Lyndon Southern cannot obtain a declaration from this Court regarding the existence of any purported fraud before the Missouri state court. This is because fraud on the court is an equitable remedy allowing a federal court to grant relief from a federal judgment, not a state judgment. *See Andersen v. Roszkowski,* 681 F. Supp. 1284, 1291 (N.D. Ill. 1988) ("Federal courts have inherent subject-matter jurisdiction to review *federal judgments* obtained  by fraud on the court."  (emphasis added)); *LaMie v. Wright,* No. 1:12-cv-1299, 2014 WL 1686145, at \*14 (W.D. Mich. Apr. 29, 2014) ("The federal courts will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action for damages."). And a claim of fraud on the court cannot be brought in a court other than the one where the alleged fraudulent judgment was obtained. *See, e.g., Followel v. Mills,* 317 Fed. Appx. 501, 505 (6th Cir. 2009) (holding that an action for fraud on the court should be brought in the court where the alleged fraud first took place); *Beulieu v. Bank of America, N.A.*, No. 1:14-cv-00023-GZS, 2014 WL 4843809, at \*10 n.5 (D. Me. Sept. 29, 2014) (holding that "fraud on the court is not available as an independent cause of action based on conduct that occurred before a different court").

## V. Conclusion

39. There has been a pending state court action over the same claims Lyndon Southern now seeks to bring in this Court for many months. All of the parties are in the Missouri case, but not in this case. Further, the defenses Lyndon Southern has raised involve Missouri statutes and the Missouri trial, which issues should be decided by the Court which is familiar with and presided over those very same issues. For these, and the other reasons raised above, defendant Lopez would move the Court to stay or dismiss this declaratory judgment. As the United State Supreme Court over 70 years ago held on a nearly identical matter, it would be uneconomical and "vexatious" to continue forward with this case given the circumstances. *Brillhart* at 495, 1175-1176.

40. WHEREFORE, Defendant Lopez would move the court to dismiss or stay this action. Lopez asks for all other relief to which he has shown himself entitled.

Respectfully submitted,

/s/ ***Raymond L. Thomas***

Raymond L. Thomas
Texas Bar No. 19865350
Southern District No. 10715
rthomas@ktattorneys.com
**RAY THOMAS, PC**
4900-B N. 10th. Street
McAllen, Texas 78504
p. 956.686.8797
f. 956.630.5199
*Attorney in Charge for Daniel Lopez*

## Certificate of Service

I hereby certify that on December 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the Court's ECF transmission list.

/s/ **_Raymond L. Thomas_**
Raymond L. Thomas