# CONTRACT TO LIMIT RECOVERY PURSUANT TO
# MISSOURI REVISED STATUTE 537.065

WHEREAS, Peggy Pieper and Clifford Pieper, Plaintiffs, were seriously injured in a motor vehicle collision involving Defendant Daniel Moncivaiz Lopez, on June 24, 2015, on Highway 14 in or near Clever, Christian County, Missouri, and;

WHEREAS, at the time of the collision, Defendant Daniel Moncivaiz Lopez was operating a 2000 GMC Sierra C1500, which was insured pursuant to the policy provisions contained in a policy of insurance issued to Defendant Daniel Moncivaiz Lopez by Lyndon Southern Insurance Company (Pronto Managing General Agent) policy number PR9949912-00, which provides bodily injury liability coverage of Each Person $30,000 and $60,000 Each Occurrence.

WHEREAS, the insurer Lyndon Southern Insurance Company (Pronto Managing General Agent) has and continues to deny coverage and defense to Daniel Moncivaiz Lopez for the lawsuit and the claim that has been filed against him by Peggy Pieper and Clifford Pieper.

WHEREAS, Peggy Pieper and Clifford Pieper have filed a lawsuit in the Circuit Court of Christian County, Missouri, against Daniel Moncivaiz Lopez for personal injuries and damages caused by the above-referenced automobile collision of June 24, 2015 accident under Cause Number 16CT-CC00506; and

WHEREAS, Plaintiffs Peggy Pieper and Clifford Pieper have made a demand upon Lyndon Southern Insurance Company (Pronto Managing General Agent), offering to settle all claims against Defendant Daniel Moncivaiz Lopez for the policy limits of the above-mentioned policy, such policy limit demand being time sensitive, which was rejected by Lyndon Southern Insurance Company (Pronto Managing General Agent); and

WHEREAS, it is the desire of Peggy Pieper and Clifford Pieper and Daniel Moncivaiz to resolve the pending lawsuit as to claims against Daniel Monciviaz for the personal injuries of

Peggy Pieper and Clifford Pieper pursuant to Missouri Revised Statute 537.065 and as more specifically hereinafter set forth. That Peggy Pieper and Clifford Pieper do not desire to satisfy any judgment from the personal assets of Daniel Moncivaiz Lopez should there be liability insurance coverage available and the assets of the insurance company would or could satisfy all or a part of any judgment rendered against Daniel Moncivaiz Lopez though coverage or otherwise for the wrongful denial of coverage to Daniel Moncivaiz Lopez in this action. Daniel Moncivaiz Lopez desires to protect himself at this point in the litigation from any judgment and trial upon the probability that there is insurance coverage to cover him for the allegations contained in the lawsuit and that the insurer wrongfully and tortuously denied him coverage in this matter.

NOW THEREFORE, for and in consideration of the mutual promises and covenants hereinafter recited, by and between Peggy Pieper and Clifford Pieper and Daniel Moncivaiz Lopez, it is hereby agreed, by and between them, as follows:

1. Daniel Moncivaiz Lopez agrees that the accident of June 24, 2015, caused Peggy Pieper and Clifford Pieper serious injuries and he further agrees that Peggy Pieper and Clifford Piepers' injury claim and liability claim will go to trial before a court on the issue of liability and their damages and the nature and extent of her injuries and damages and Daniel Moncivaiz Lopez agrees to participate in the trial of same so that the issues of liability and the nature and extent of Peggy's injuries and the Piepers damages are determined by law including MAI 31.07; and

2. The Parties further agree that, recognizing the refusal of the insurer to protect, defend or indemnify Daniel Moncivaiz Lopez, and in the interest of economy and efficiency, agree that rather than require extensive expense of trial preparation and trial, evidence may be submitted to the Court in summary fashion, including the use of exhibits, expert reports, statements, and affidavits, all with the intent that that Court be able to consider the matter in as

inexpensive a manner as possible, in that Daniel Moncivaiz Lopez is not being defended in this case by his liability insurance carrier identified above. Further, with this purpose in mind, the parties agree to cooperate and agree to the admission of evidence regarding liability and damages without requiring expensive authentication or testimony, as well as waive formal authentication of any evidence or documents produced in the case to date. In the event summaries of evidence, or statements or affidavits would reduce the cost and expense of trial, the parties likewise agrees to waive any objection to the use of such evidence, and further to cooperate in all manners possible requested with the purpose of putting the matter before the Court in the most streamlined and cost effective manner possible, which the parties agree given the failure of the insurance carrier to defend, is in both of their interests.

    3.    Peggy and Clifford Pieper covenant and agree that they will not levy an execution of said judgment upon the personal assets of Daniel Monciviaz Lopez at any time except as provided herein, but will first look to satisfy any judgment from any proceeds of a claim or claims against Lyndon Southern Insurance Company (Pronto Managing Agent) and its agents, employees and attorneys for coverage or bad faith and/or negligence in failing to provide coverage and defend Daniel Moncivaiz Lopez in the pending lawsuit. Peggy and Clifford Pieper will look to all insurance coverages or policies applicable to the subject motor vehicle collision to satisfy any resulting judgment that is rendered in the aforementioned lawsuit minus any attorney's fees and costs incurred by Daniel Monciviaz Lopez in the recovery of such insurance proceeds; and

    4.    That Peggy and Clifford Pieper agree that they will not execute on any such judgment that is rendered in the aforementioned lawsuit against any personal assets of Daniel Moncivaiz Lopez until and unless the proceedings against the insurance company as referenced herein is concluded and no monies are recovered from said insurance company; and

5.  That Auto Owners Insurance Company, the carrier that paid $200,000.00 (Two Hundred Thousand Dollars) in uninsured motorist coverage benefits to Peggy Pieper and Clifford Pieper hereby agrees to waive any rights of subrogation that it may have against Daniel Moncivaiz Lopez, other than what is collected from the Lyndon Southern Insurance Company (Pronto Managing General Agent). Auto Owners preserves it rights to collect up to the amount it paid in any action for coverage or other causes of action filed against Lyndon Southern Insurance Company either by Peggy Pieper and Clifford Pieper or Daniel Monciviaz Lopez; and

6.  Recognizing that the insurance company has failed to defend and refused coverage, Daniel Moncivaiz Lopez further agrees to refuse to allow Lyndon Southern Insurance Company (Pronto Managing General Agent), or any lawyer affiliated with or hired by Lyndon Southern Insurance Company (Pronto Managing General Agent), to represent him, offer evidence or cross examine witnesses, or in any way otherwise to play any part in the bench trial or any further proceedings in the underlying liability case, should Lyndon Southern Insurance Company (Pronto Managing General Agent) attempt to change its mind at any point after the execution of this agreement, or otherwise seek to defend, intervene, or become involved in the case.

7.  In the event that the Court herein enters judgment for Peggy Pieper and Clifford Pieper, and against Daniel Moncivaiz Lopez, it is their intention to file an action against Daniel Moncivaiz Lopez and the insurance company under the law against the insurance company herein and once they do, Daniel Monciviaz Lopez agrees to pursue all potential claims against his insurance companies in that action. After satisfying his attorney's lien and expenses and recovery of his own reasonable expenses incurred in time and expenses, Daniel Moncivaiz Lopez agrees to hold and tender the remaining proceeds first to satisfy any judgement that may be

entered in the aforesaid lawsuit in favor of Peggy and Clifford Pieper and the subrogation interest of Auto Owners Insurance Company as referenced herein; and

8. The consideration herein expressed is contractual and is not a mere matter of recital and this agreement is entered into voluntarily by the parties. This agreement is to be governed by the laws of the State of Missouri and if any part of this contract is deemed to be unenforceable, the balance of said contract shall remain in full force and effect; and

9. This contract may be recorded with the Recorder of Deeds in any county in the State of Missouri, or any county in any state in the United States of America as provided by law by Daniel Moncivaiz Lopez; and

10. Daniel Moncivaiz Lopez hereby agrees to pursue claims against Lyndon Southern Insurance Company (Pronto Managing General Agent) or any subsidiary of said company, and/or its employees, agents and attorneys for bad faith settlement practices and/or for its failure to settle and/or for negligence or breach of fiduciary duty or for failure to afford coverage and defense, (or however the claim may be denominated) arising out of its alleged failure to afford coverage or defend Daniel Moncivaiz Lopez; and

11. Daniel Moncivaiz Lopez agrees to fully cooperate in any suit against Lyndon Southern Insurance Company (Pronto General Agent) and/or its agents, employees or attorneys, including participating in and being named as a party plaintiff in any suit or cause of action brought against said insurance company and its agents, employees and/or attorneys; and

12. The parties agree that this document is inadmissible in any future jury trial between the parties or between either of the parties and an insurance company; and

13. The parties agree that this agreement shall bind the parties, their heirs, administrators, agents, representatives, insurers, executors, successors, assigns, and inure to the

benefit of the parties, their heirs, administrators, agents, representatives, insurers, executors, successors, and assigns; and

14. **Bankruptcy:** Daniel Moncivaiz Lopez agrees to not declare bankruptcy without first obtaining Peggy and Clifford's express written consent. Furthermore, if Daniel Moncivaiz Lopez does declare bankruptcy then he agrees to recommend to the bankruptcy trustee that the trustee assign or sell his causes of action against the insurance company to Peggy and Clifford Pieper; and

15. **Legal representation:** The parties agree that they were represented by different counsel and enter into this agreement knowingly and voluntarily after consultation with their attorneys; and

16. All parties agree to cooperate to execute any supplement documents and to take all additional actions that may be necessary or appropriate to execute the agreement.

17. **Counterpart:** This agreement may be executed on one or more counterparts, each of which were so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same instrument; and

18. **Governing Law:** The parties will use Missouri law to interpret this agreement. The parties further agree that the interpretation or enforceability of this agreement shall be determined by a Missouri State Circuit Court, State of Missouri; and

19. **Severability:** The parties agree that, in the event that the court invalidates any portion of this agreement, the remaining terms shall remain in effect; and

PEGGY PIEPER

_____
*[signature: Peggy Pieper]*

DATED: 4-19-2017


CLIFFORD PIEPER

_____
*[signature: Clifford W Pieper]*

DATED: 4-19-2017


KURT LARSON, as counsel for Plaintiffs

_____
*[signature]*

DATED: 4-13-2017


AUTO OWNERS INSURANCE COMPANY

_____
*[signature]*

Name: Russell Walt

DATED: 4-13-2017


DANIEL MONCIVAIZ LOPEZ

*[signature: Daniel Moncivai~]*

DATED: 4/13/17


JEFF BAUER, as counsel for Defendant Daniel Moncivaiz Lopez

_____
*[signature]*

DATED: 4-13-2017