IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **LYNDON SOUTHERN INSURANCE CO.** | § § § | |
| **v.** | § § § § | **CIVIL ACTION NO.: 7:17-cv-398** |
| **DANIEL MONCIVAIZ LOPEZ** | § | |

## LYNDON SOUTHERN INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Lyndon Southern Insurance Company ("LSIC"), and amends its Complaint (Rec. Doc. 1), as follows:

### I.

### PARTIES

1. LSIC is an insurance company and a corporation organized under the laws of the State of Delaware, with its principal place of business in Florida.

2. Daniel Moncivaiz Lopez is a resident of the State of Missouri. He has appeared in this litigation and can be served through his counsel.

### II.

### JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff is a citizen of a different state than the Defendant, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The Court has personal jurisdiction over Defendant Lopez because he attempted to contract for insurance in the state of Texas.

4852-2812-9630.2

### III.

### VENUE

4. Venue is proper in this Court because a substantial portion of the events giving rise to this claim, including the negotiation and execution of an insurance contract, occurred in McAllen, Texas.

### IV.

### FACTS

5. Nonparty Pronto General Agency, Ltd. ("Pronto") is a Texas limited partnership. Pronto is a Managing General Agent for LSIC, which underwrites Texas insurance policies and then adjusts any claims on those Texas insurance policies. At all relevant times herein, Pronto was acting within the course and scope of its agency for its principal LSIC.

6. Pronto will not, and has no authority to, underwrite LSIC automobile liability policies for residents of states other than Texas or where a car will be garaged in a state other than Texas.

7. LSIC does not write personal auto insurance in Missouri.

8. Lopez has lived in Missouri nearly his entire life.

9. In or around August 2013, Lopez began working in oil fields for temporary staffing companies located in Texas. Lopez' work in the oil fields was transient in nature in that he would work in different locations throughout the southern United States. Lopez' work in the oil fields was temporary in nature in that he would frequently be laid off after monthly periods of work during which time he would return to Missouri.

10. On May 13, 2014, Lopez obtained Missouri Drivers License Number T069361001, which listed his address as 306 2nd Street, Monett, Missouri.

11. Lopez obtained Texas Drivers License Number 39034839 on September 29, 2014, which listed his address as 2908 Azteca Avenue, McAllen, Texas. Lopez never surrendered his Missouri Drivers License to the State of Texas.

12. Lopez obtained a reissued version of Texas Drivers License Number 39034839 on January 16, 2015, claiming that he had lost his September 29, 2014 Texas issued drivers license.

13. Lopez ceased working for Texas oil companies in the Spring of 2015, when he relocated to the State of Missouri until the Fall of 2016.

14. On February 21, 2015, Lopez purchased a 2000 Chevrolet Silverado VIN 1GCEC14V8YZ260131, which he registered on February 26, 2015 in the State of Missouri with title number TGL86352. The vehicle registration lists his address as 303 E. Benton, Monett, Missouri.

15. On May 4, 2015, the Missouri Highway Patrol cited Lopez with traffic violation number 701579843 for excessive speed ("the Missouri Citation").

16. At the time of the Missouri Citation, Lopez operated his 2000 Chevrolet Silverado, VIN 1GCEC14V8YZ260131.

17. At the time of the Missouri Citation, Lopez produced Missouri Drivers License Number T069361001 as his valid form of identification, not his reissued Texas Drivers License Number 39034839 as issued January 16, 2015.

18. On May 25, 2015, Lopez applied for a Texas personal auto insurance policy with Pronto in the State of Texas and used his Texas Drivers License Number 39034839 issued on September 29, 2014, not his reissued Texas Drivers License Number 39034839 as issued January 16, 2015 as proof of identity. During the application process, Lopez failed to disclose that he had multiple other forms of identification, including his Missouri Drivers License Number

T069361001, which indicated he was a Missouri resident and that he most recently produced as his valid form of identification three weeks prior to completing his application.

19. At the time of making his insurance application on May 25, 2015, Lopez represented that his address was 2908 Azteca Avenue, McAllen, Texas, which representation was false.

20. Lopez also produced Louisiana Certificate of Title Number B4505339 issued April 24, 2013 to Jason Forrester of Mandeville, Louisiana as proof of ownership of the 2004 Chevrolet Trailblazer VIN 1GNDS13S442368648. On June 3, 2015, the State of Texas issued Bonded Title Number 10830842149094725 for the 2004 Chevrolet Trailblazer VIN 1GNDS13S442368648, which indicated the previous owner as Jaime Gonzales, not Jason Forrester as indicated on the title produced to Pronto.

21. Pronto, acting on behalf of LSIC, relied upon the truthfulness of Lopez's representations in the May 25, 2015 insurance application.

22. Based on Lopez' representations in the insurance application, Pronto underwrote LSIC Policy of Insurance No. L-PR9949912-00 to Defendant Lopez on May 25, 2015 for one scheduled vehicle; a 2004 Chevy Trailblazer, VIN 1GNDS13S442368648 ("the Policy"). The Policy was a Texas personal auto policy. A true and accurate certified copy of the Policy is attached hereto as Exhibit A.

23. In relevant part, Policy Form OACM.MisrepFraud.009, as initialed by Lopez, states:

    a. This policy includes the Declarations Page and the amendments. This policy also includes the application and the endorsements. The statements that you made while you were applying for coverage are representations that you made when you applied for coverage. If you omitted material facts or made material misrepresentations that are fraudulent, false, misleading or affect the acceptance of the risk by us, we may void this

        policy. We may void this policy if you engaged in fraudulent conduct while applying for coverage under this policy.

b.     Even following an accident or loss, we may still void this policy for fraud where there was a material misrepresentation of fact by you while you were applying for any coverage under this policy, or through any notice of change that you gave under this policy. In such a case, we will not be liable for any claims that would otherwise be covered in the absence of the fraud or material misrepresentation.

c.     \*      \*      \*

d.     YOUR FAILURE TO MAKE TRUTHFUL DISCLOSURES ON YOUR APPLICATION FOR INSURANCE AND AT OTHER TIMES DURING THE COURSE OF YOUR POLICY PERIOD MAY RESULT IN THE VOIDING OF YOUR POLICY.

e.     We may void this policy and provide no coverage under any portion of this policy for any claim that would otherwise be covered in the absence of your fraudulent conduct, misrepresentations, misstatements or omissions of important information, including those made when applying for coverage.

24.     On June 18, 2015, Lopez allegedly "swapped" the 2004 Chevy Trailblazer, VIN 1GNDS13S442368648 with Kevin Soto for a 2000 GMC Sierra, VIN 1GTEC19T3YZ166312 at Doug's Pro Lube in Monett, Missouri. Lopez and Mr. Soto did not have title to the 2000 GMC Sierra, VIN 1GTEC19T3YZ166312 at the time the vehicle exchange occurred, but rather backdated the title transfer date upon receipt of the physical title.

25.     Lopez did notify LSIC of his alleged ownership of the 2000 GMC Sierra within 30 days of ownership, as required by the terms of the Policy.

26.     Upon information and belief, Lopez thought Mr. Soto maintained a personal auto insurance policy for the 2000 GMC Sierra, VIN 1GTEC19T3YZ166312 that would cover Lopez in the event of an accident, but Mr. Soto never maintained such a personal auto insurance policy.

## V. COUNT I: RESCISSION

27.     LSIC re-alleges and incorporates the preceding paragraphs 1 through 26 as if fully set forth herein.

28.     On May 25, 2015, Lopez applied for a Texas personal auto insurance Policy with LSIC Managing General Agent Pronto in the State of Texas. When Lopez made the application, he warranted that he solely provided true and accurate information and if he "omitted material facts or made material misrepresentations that are fraudulent, false, misleading or affect the acceptance of the risk by [Pronto and LSIC]," then Pronto and LSIC may void the Policy.

29.     When Lopez made the application, Lopez produced an outdated copy of a previous Texas Drivers License number 39034839 as his valid form of identification and falsely represented a Texas address as his current residence.

30.     Lopez failed to disclose his Missouri drivers license and his Missouri residence. Lopez failed to present Pronto with a current Drivers License or his current residential information. Lopez further failed to disclose that he intended to return to Missouri and that he had a Missouri Drivers License that he used as his most current form of identification.

31.     Lopez made false representations and presented Pronto with false information regarding his residential status at the time of his May 25, 2015 insurance application.

32.     Pronto and LSIC were unaware that Lopez made false representations and presented Pronto with false information regarding his residential status at the time of his May 25, 2015 insurance application, including an invalid Texas drivers license.

33.     Pronto and LSIC did not discover Lopez' misrepresentations until March 22, 2017. On March 30, 2017, Pronto, as an agent of LSIC, sent Lopez a letter disclaiming coverage on the basis of Lopez's misrepresentation concerning his residency at the time of the policy inception.

34. Pronto and LSIC reasonably relied on Lopez to make true representations and provide accurate and current information to their detriment.

35. Lopez was aware the representations and assertions made in connection with his May 2015 application were false at the time they were made and would be relied upon by Pronto in making its determination to issue the Policy.

36. These false representations regarding Lopez' residential status in his May 25, 2015 insurance application were material because they affected the risk accepted by Pronto and thereby LSIC in issuing the Texas auto insurance policy, including but not limited to their ability to issue the Policy and scope of coverage provided thereunder. Had Pronto known that Lopez intended to move to Missouri to live; had a different residential address; or had multiple forms of identification that he used, namely the Missouri Drivers License that he presented to the Missouri Highway Patrol in May 2015, Pronto would not have issued the Policy.

37. Upon discovery that Lopez made material, false representations in his May 25, 2015 insurance application, Pronto timely provided notice to Lopez that they declined coverage on behalf of LSIC and thereby refused to be bound by the Policy for the accident involving the Piepers.

38. Based on Lopez' material, false representations to Pronto and LSIC, LSIC is entitled to rescind the Policy. LSIC stands ready to tender all premiums paid in the amount found by the Court and to the address ordered by the Court and has otherwise taken all necessary steps to rescind the Policy.

## VI.

## COUNT II: POLICY VOID AB INITIO

39. LSIC re-alleges and incorporates the preceding paragraphs 1 through 38 as if fully set forth herein.

40. In the May 25, 2015 insurance application, Lopez warranted that he provided true and accurate information and if he "omitted material facts or made material misrepresentations that are fraudulent, false, misleading or affect the acceptance of the risk by [Pronto and LSIC]," then Pronto and LSIC may void the Policy.

41. Lopez made material misrepresentations regarding his residential status and presented outdated forms of identification in conjunction with his May 25, 2015 insurance application.

42. Lopez made material misrepresentations regarding the title to the 2004 Chevrolet Trailblazer. Further, Lopez and Mr. Soto falsified the bill of sale for the 200 GMC Sierra, by inscribing a false sale price, despite no money being exchanged, and backdating the date of the title.

43. These representations were material to Pronto and LSIC in deciding to provide coverage and its determination of the scope and terms and upon which coverage would be provided. Pronto and LSIC reasonably relied upon these representations in deciding to provide coverage and its determination of the terms upon which coverage would be provided.

44. Lopez knew, expected and intended for Pronto and LSIC to rely on his representations in issuing the Policy.

45. Upon discovery that Lopez made material, false representations in his May 25, 2015 insurance application, Pronto timely provided notice to Lopez that they declined coverage on behalf of LSIC and thereby refused to be bound by the Policy for the accident involving the Piepers.

46. Based on the misrepresentations by Lopez in his May 25, 2015 insurance application, the Policy is void ab initio and of no effect.

## VII.

## PRAYER

47. Wherefore, Lyndon Southern Insurance Company prays that its Complaint Seeking Declaratory Judgment be heard and the Court grant it the following relief:

- A declaration that the Policy issued by Pronto on behalf of LSIC to Lopez has been rescinded and is without force and effect and provides no coverage in indemnity or defense for any of the claims or suits arising out of any claimed act or failure of Lopez.

- A declaration that the Policy issued by Pronto and LSIC to Lopez is void from its inception and provides no coverage in indemnity or defense for any of the claims or suits arising out of any claimed act or failure of Lopez.

- Costs and reasonable and necessary attorney's fees.

- All other relief that the Court deems equitable and just.

Respectfully submitted by:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Sarah R. Smith*

**ALAN L. RUPE**
Texas State Bar No. 24028461
**SARAH R. SMITH**
Texas State Bar No. 24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
*Attorneys for Plaintiff Lyndon Southern Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served electronically via the Court's CM/ECF system on this the 28th day of February, 2018 on known counsel of record.

         */s/ Sarah R. Smith*
         **SARAH R. SMITH**

4852-2812-9630.2