THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LYNDON SOUTHERN INSURANCE CO. | § § § | |
| | § | CIVIL ACTION NO. 7:17-CV-00398 |
| V. | § | |
| | § | |
| DANIEL MONCIVAIZ LOPEZ | § | |

**DEFENDANT'S ANSWER TO LYNDON SOUTHERN INSURANCE COMPANY'S
FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT**

TO THE UNITED STATES DISTRICT COURT:

Defendant Daniel Moncivaiz Lopez (hereafter also "Lopez"), by and through his attorneys, submits the following Answer to Lyndon Southern Insurance Company's (hereafter also "Lyndon Southern") First Amended Complaint:

1.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

2.     Admit in part.  Defendant Lopez at various times has been a resident of both Texas and Missouri.  Defendant Lopez at the time of the filing of the Missouri equitable garnishment action was a resident of Missouri.  However, Lopez at the time of the filing of this action was a Texas resident.  Lopez is now currently in Missouri.  As resident is a legal term, Lopez at various times has been a resident of both states.  In regard to the second sentence, Lopez has appeared in the litigation.

3.     Admit that Lopez contracted for the policy of insurance in question in Texas, denied that the Court has jurisdiction over this suit and/or that should the court have jurisdiction, it should not exercise same for the reasons set forth in defendant Lopez's

1

motion to dismiss and/or stay, incorporated herein by reference.

4.      Defendant is without sufficient information at this time to determine whether venue is proper in this Court, and therefore, under Rule 8(b)(5) denies same.

5.      Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

6.      Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

7.      Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

8.      Denied in part.  Admit that Lopez has lived in Missouri at various times. However, defendant Lopez has also lived or resided in the State of Texas, including at the time he obtained the policy in question, and at various other times, including at the time he was sued in this case and served with process.

9.      Denied in part.  Admit that Lopez worked in Texas for extended periods of time.  Denied that Lopez's time in Texas was transient, as he lived in Texas for several extended periods of time.  Denied that Lopez would return to Missouri upon any period of unemployment or being laid off, but admit that Lopez would drive to Missouri to visit family while living and working in Texas.

10.     Admit that Lopez obtained a Missouri driver's license.  As to the rest of the averment, defendant is without sufficient information to form a belief as to the truth of

the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

11.     Admit that Lopez obtained a Texas Driver's License number 39034839, with an issue date on or about 9/29/2014 listing his address as 2908 Azteca Ave in McAllen, Texas.  As to the rest of the averment, Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

12.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

13.     Denied.

14.     Admit that Lopez at one point owned a Silvarado.  As to the rest of the averments in this paragraph, Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

15.     Admit that Lopez was cited for speeding at some point during a visit to Missouri.

16.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

17.     Admit that the traffic citation identifies his Missouri driver's license.  As to the rest of the averment, defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies

3

same.

18.     Admit that Lopez obtained a policy of insurance on or about the date stated. Denied that he was under any obligation to provide information he did not provide, and deny the implication sought to be raised by the remainder of this averment, and also deny that at the time of the purchase of the insurance he was a resident of Missouri.

19.     Admit that Lopez identified 2908 Azteca Avenue as his address.  Denied that this was false or inaccurate at the time.

20.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

21.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.

22.     Defendant is without sufficient information to form a belief as to the truth of the averment made in this paragraph, and thus under Rule 8(b)(5) denies same.   The policy provided is not a certified policy, nor are the attachments provided identified as being part of the policy or accompanying forms.

23.     Admit that Lyndon Southern appears to have cited correctly a portion of the document attached to its petition.  Denied at present this is an accurate or authentic copy of said document, as Defendant is without sufficient information to form a belief as to the truth of the averment of same, and thus under Rule 8(b)(5) denies same.   Further, the policy must be read as a whole.

24.    Admit that Lopez and Mr. Soto exchanged vehicles, in which Mr. Lopez obtained the 2000 GMC Sierra.  Denied as to the remainder.

25.    Admit that Lopez notified his insurer of his ownership and the exchange of vehicles, and did so within the time frame of 30 days.

26.    Admit that Mr. Lopez thought there was an additional policy of insurance held by Mr. Soto, but Mr. Soto later advised him there was in fact not.

**COUNT I    Rescission**

27.    Defendant incorporates the responses and denials set forth in the preceding paragraphs as if fully set forth herein.

28.    Admit that Lopez applied and contracted for a policy of insurance.  The remainder of the legal conclusion fails to state the full policy, or where the alleged information comes from, but to the extent a response is required, denied.

29.    Admit that Mr. Lopez provided a copy of a driver's license.  Denied that any attempt to misstate was made, as plaintiff's prior averments state he had a Texas Driver's license at the time.  Denied that he made any false representations.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied, other than admitting that Lopez was wrongfully denied coverage multiple times.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT II.   Policy void ab initio

39.     Defendant Lopez hereby re-incorporates all of his prior answers to the incorporated allegations of paragraphs 1-38.

40.     Admit that Lopez applied for a policy of insurance.   The remainder of the paragraph is a legal argument, but to the extent an answer is required, denied.

41.     Denied.

42.     Denied.   As to Mr. Soto's actions, defendant is without sufficient information to form a belief as to the truth of the averment, and thus under Rule 8(b)(5) denies same.

43.     Denied.

44.     Denied.

45.     Admit that the insurer denied coverage.  Denied as to the remainder.

46.     Denied.

## PRAYER

47.     Denied that Lyndon Southern is entitled to any of the relief it seeks, or that this Declaratory Judgment Action is a proper vehicle for the claims it seeks to raise, given the pending, ongoing state court action, and for the other reasons set forth herein, and in the motion to dismiss and/or stay.

## AFFIRMATIVE DEFENSES

Defendant Lopez further alleges the following affirmative defenses. Plaintiff bears the burden of proof on all elements of its claims and causes or action. Note that some of these "defenses" may not be true affirmative defenses because Plaintiff carries the burden. Said defenses are included here out of an abundance of caution and shall not be construed as an admission or acceptance of any burden of proof, or shifting of the burden of proof, not otherwise required by law:

COMES NOW Defendant Lopez, and would assert the following affirmative defenses, with reservation of any other defenses that become apparent throughout the case:

A.      The Court should not exercise subject matter jurisdiction if it were to have same, given this is a state insurance matter, which is the subject of a pending state equitable garnishment action, and that this Declaratory Judgment cannot give full and complete relief among the parties, which may be found in the state court case.

B.      That given the location of the case, the bench trial, and the judgment entered, that there is improper venue.

C.      That the petition fails to state a claim upon which relief can be granted.

D.     That the contracts of insurance when read in total and when all provisions are considered, provides coverage for the claim(s) in the underlying state court action.

E.     The contract of insurance is ambiguous, requiring interpretation in favor of the insured, which provides coverage for the claim(s) in the underlying state court action.

F.     The contract of insurance provided to defendant Lopez provides coverage for the risk at issue, and any attempt by plaintiff to read its policies in such a way as to exclude coverage for claims based upon the conduct at issue would render such coverage illusory, and is thus an improper interpretation of the policy.

G.     Should any provision of the contract appear to exclude coverage for the incident in the state court action, such provisions of the policy are void, unenforceable, illegal, and/or illusory.

H.     Plaintiff is estopped from relying upon any alleged exclusion.

I.     Plaintiff has waived any alleged exclusions.  Lyndon Southern accepted coverage and settled a subsequent claim against Lopez arising out of the same accident once it investigated the claims, and after the entry of judgment in the underlying case with the Piepers had concluded.

J.     Lyndon Southern is collaterally estopped to contest the Judgment and findings entered by the Court in its Judgment in the underlying case. Lyndon Southern is bound by and/or collaterally estopped to contest any aspect of the judgment and each and every finding or conclusion of the Court set forth therein, as Lyndon Southern had the opportunity to defended Lopez in the underlying case and chose not to.  *Schmitz v.*

*Great American Assur. Co.*, 337 S.W.3d 700, 709 (Mo. Banc 2011); *Assurance Co. Of America v. Secura Ins. Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012); *Columbia Casualty Co. v. HIAR Holdings, LLC*, 411 S.W.3d 258 (Mo. Banc 2013); and *Allen v. Bryers*, 512 S.W.3d 17 (Mo. Banc 2017).

K.    This Court should not exercise jurisdiction over a declaratory judgment matter to assert a defense to a contemplated state court action.   Declaratory relief is inappropriate when a putative tortfeasor seeks a declaration of non-liability. See *Morrison v. Parker*, 90 F.Supp.2d 876, 880 (W.D. Mich. 2000). The policy behind this general rule is to prevent putative tortfeasors from forcing a tort victim to litigate a claim that she may not have wanted to litigate, at a time that might be inconvenient and in a form chosen by the alleged tortfeasor. *Id*. The Morrison Court described declaratory judgment actions seeking a declaration of non-liability as "a perversion of the Declaratory Judgment Act." *Id*., citing *Cunningham Brothers, Inc., v. Bail*, 407 F.2d 1165 (7th Cir. 1969).

This is the prevailing view of the federal courts. *Morrison* at 880.  The Eighth Circuit is in accord.   *BASF Corp v. Symington*, 50 F 3d. 555, 557-559 (8th Cir. 1995).  The BASF Court found that a declaratory judgment action based on defenses or anticipated defenses to state court actions should be dismissed as tactical maneuvering calculated to deny plaintiffs their choice of forum and time to sue. "Where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." at 559.   "[T]he Declaratory Judgment Act is not

to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action." *International Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).   Defendant incorporates its motion to dismiss and/or stay by reference.

L.      The Court should not exercise jurisdiction in this case because there is a parallel state proceeding where complete relief may be afforded on this state insurance law issue.  Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  However, a federal court is not obligated to exercise jurisdiction over a declaratory judgment action and has discretion to dismiss such an action when appropriate.  *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 288 (1995).    Defendant incorporates his motion to stay or dismiss filed contemporaneous with this motion.

M.      Lyndon Southern has failed to add a necessary party under Rule 19. Specifically, the injured claimant, the Piepers, are not a party to this suit, and cannot be a party to this suit, as the Court does not have jurisdiction over the Piepers.  The Peipers, however, are the party entitled to the coverage, and are necessary parties to this case. Further, there is a pending Missouri garnishment action by the Piepers.  Under Missouri law, any judgment entered in this action will have no effect on that claim if the Piepers are not parties in this case. Please see e.g. *Wilkes v. St. Paul Fire & Marine Ins. Co.*, 92 S.W.3d 116 (Mo. App. 2002)(Holding summary judgment granted in federal declaratory

judgment was not binding on plaintiff in equitable garnishment action, affirming grant of summary judgment  contrary to prior judgment for insurer in federal case).  As such, a necessary party under Rule 19 has not been joined.  Defendant incorporates its motion to dismiss and/or stay on this point herein by reference.

N.     Defendants reserve the right to present new defenses as they become known.

WHEREFORE, having answered Plaintiff's complaint, Defendant would move the Court, either together or in the alternative, for its Order either dismissing and/or staying the Declaratory Judgment, or in the alternative finding coverage for the Judgment entered in the state court case, along with costs, fees, and any other relief the Court feels just and proper.

Respectfully submitted,

/s/ *Raymond L. Thomas*

Raymond L. Thomas
Texas Bar No. 19865350
Southern District No. 10715
rthomas@raythomaspc.com
RAY THOMAS, PC
4900-B N. 10th. Street
McAllen, Texas 78504
(956) 632-5033
(956) 630-5199
*Attorney in Charge for Daniel Lopez*

## <u>Certificate of Service</u>

I hereby certify that on October 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the Court's ECF transmission list.

/s/ ***Raymond L. Thomas***

Raymond L. Thomas